UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-324-RJC

| | |
|---|---|
| JEREMY JOHN WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KATRINA COOK, ) | |
| KEVIN FRYE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and an Application to Proceed in Forma Pauperis ("IFP Application"), (Doc. No. 1-1), on November 29, 2011. For the reasons explained below, the Court grants Plaintiff's IFP Application, (Doc. No. 1-1), for the limited purpose of reviewing the Complaint and dismisses Plaintiff's Complaint sua sponte for failure to state a claim.

First, as for Plaintiff's application to proceed in forma pauperis, the Court has examined Plaintiff's financial statement and finds that Plaintiff qualifies for in forma pauperis status for the purpose of this initial review.

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

The instant case arises out of treatment Plaintiff allegedly received while he was a detainee at the Avery County Jail.  Plaintiff has since been released from the jail.  In his complaint, filed on a § 1983 form, Plaintiff first alleges that he was not provided a written copy of the institution's rules and regulations.  (Doc. No. 1 at 6).  He alleges that he requested a copy of the prison's rules and regulations at the time of booking, but that he was informed by "c/o Crowder" that there were no written rules, "that the rules vary depending on who was on duty." (Id.).

Next, Plaintiff alleges that he was denied contact with family.  He alleges that at the time of his arrest he was "denied a phone call." (Id.).  He states that he filed a formal grievance on October 19, 2011 and that he requested an envelope to notify family of his location.  (Id.).  He alleges that on October 20, 2011, he received paper and two envelopes, at which time he was notified by "c/o Tracy Buchanan" that "if the envelopes were address to anyone other than my attorney they would not be mailed per Trina Cook." (Id.).

He further alleges that he was "denied legal research," in that officials refused to provide him with (1) a copy of a criminal statute that he asked for; (2) the address to the federal courthouse in Asheville, NC; (3) and a 42 U.S.C. § 1983 form.  (Id.).  Finally, Plaintiff alleges that he was housed in a "12 man cell with 18 inmates." (Id.).

The Court finds that Plaintiff has failed to state a cognizable legal claim in his Complaint.  That is, even assuming that Plaintiff's allegations are true, Plaintiff has simply not alleged a violation of his federal constitutional rights.  Therefore, the court will sua sponte dismiss Plaintiff's complaint.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or

2

Case 1:11-cv-00324-RJC   Document 6   Filed 03/27/12   Page 2 of 3

Costs, (Doc. No. 1), is **GRANTED**; and

2. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein.

The Clerk is directed to close the case.

Signed: March 27, 2012

Robert J. Conrad, Jr.
Chief United States District Judge